UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CASPER ZORRILLA | No. 21 CR 65<br><br>Magistrate Judge Gabriel A. Fuentes |

## MOTION TO DETAIN THE DEFENDANT

Pursuant to Title 18, United States Code, Section 3142, the United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, moves to detain the defendant, Casper Zorrilla, based on risk of flight, and in support thereof states as follows:

The Indictment in this case charges the defendant with ten counts of wire fraud, in violation of Title 18, United States Code, Sections 1343.

The evidence shows, by a preponderance, that no condition or combination of conditions will reasonably assure the appearance of the defendant, based on his lack of family ties and community ties, his lack of property ownership, his sporadic employment history, and his ties to the Dominican Republic, including his family in the Dominican Republic, his Dominican Republic citizenship, and the fact that he is in the United States illegally.

**The Dominican Republic:** According to the Pretrial Services Report from Pennsylvania ("Report"), the defendant has close ties to the Dominican Republic. *See*

1

Report at 1-2. Specifically, the defendant's mother lives in the Dominican Republic, and three of his siblings live in the Dominican Republic. In addition, the defendant has four adult children that live in the Dominican Republic.[1]

The defendant grew up in the Dominican Republic and went to school there. He lived there for more than 35 years. The defendant is a citizen of the Dominican Republic and he currently has a passport from the Dominican Republic.

The Dominican Republic provides the defendant with a destination that he knows well, where he has close family members.

**No Close Family Ties:** The defendant has no family in Chicago. He does not have parents, children, or siblings in Chicago.

The defendant also has no close family members in Pennsylvania. His close family members live in the Dominican Republic, Germany, and other states in the U.S. None of them live in Pennsylvania where the defendant was living when he was arrested.

Although the defendant's wife lives in Pennsylvania, according to his wife, they are separated and do not live together. When the defendant was interviewed by Pretrial Services after his arrest in March 2021, the defendant could not remember when he married his wife or where they were married.

The defendant's family ties and community ties to Chicago and Pennsylvania are practically non-existent, and will not prevent him from fleeing.

---

1 The defendant also has one sibling who lives in Germany.

**Employment:** According to the Report, the defendant works for Door Dash – a delivery service. Since the defendant is in the United States illegally, he is also working illegally. It is unlikely that he disclosed his status to Door Dash. If he is released on bond, he cannot work legally, so he would have no means of support. The defendant is not tied to Chicago or Pennsylvania based on his job.

Moreover, the defendant does not have the type of job that would provide some incentive for him to remain in place. He does not have a long-term job or a significant salary that would motivate him to stay. He does not have a pension that he would lose if he fled. He does not have stock or stock options that he would lose if he fled. He does not have an employer that would welcome him back after the case is resolved. He does not own a profitable company that he could continue to run while on bond or after the case concludes. His employment will not prevent him from fleeing.

**No Strong Community Ties:** The defendant has no strong ties to Chicago. He has not lived in Chicago, and the defendant has not identified any personal or community ties that he has with Chicago.

Moreover, it appears that the defendant does not have strong ties to the community where he is living. He lived there for only six months prior to his arrest. Before that, he lived in Miami, New York, and New Jersey. The defendant has not identified any strong community ties that would prevent him from fleeing.

**No Property:** According to the Pretrial Services report, the defendant does not

have any substantial property. He was renting the apartment where he was living. He does not own any real estate. He told Pretrial services that he had $3,000 in assets. He does not own anything that would prevent him from fleeing.

**Bitcoin:** The defendant was interviewed by the FBI on March 31, 2021. During the interview, the defendant said that he had $5 to $7 million in bitcoins. That same day, the defendant told Pretrial Services that he had $3,000 in assets.

If the defendant does have $5 million in bitcoins, that adds to the risk of flight because he would have tremendous resources at his disposal.

**The defendant is in the U.S. illegally:** According to the Pretrial Service Report, the defendant came to the United States in Nov. 2015 and he is here illegally. Report at 1.

According to immigration records that the government obtained, the defendant was admitted to the United States on November 27, 2015, and he was authorized to stay in the United States for one year, until November 26, 2016. The defendant has remained in the United States illegally since that time.

If the defendant is convicted, he is likely to be incarcerated and then deported. That creates a strong incentive to flee. Moreover, the defendant's decision to stay in the U.S. illegally shows a disregard for the law.

## Conclusion

The defendant has no strong family ties or community ties, and he does not have a job or property that would prevent him from fleeing. Instead he has strong ties to the

4

Dominican Republic, and he has a strong incentive to flee. Thus, the defendant presents a risk of flight, and there are no conditions that will reasonably assure his appearance.

                Respectfully submitted,

                JOHN R. LAUSCH, JR.
                United States Attorney

By:   *s/ Jacqueline Stern*
       JACQUELINE STERN
       Assistant U.S. Attorney
       219 South Dearborn St., Rm. 500
       Chicago, Illinois 60604
       (312) 353-5329